UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FATIMA ALI,

                Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

                Defendants.

No. C07-0591MJP

ORDER REMANDING CASE TO USCIS FOR ADJUDICATION

       This matter comes before the Court on Plaintiff Fatima Ali's application for naturalization. (Dkt. No. 1.) On April 25, 2007, the Court ordered the Government to show cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government responded by filing a brief that was both a response to the Court's order as well as a motion to dismiss or remand. (Dkt. No. 4.) The Government indicated that United States Citizenship & Immigration Service (USCIS) could not yet process Ms. Ali's naturalization application because the Federal Bureau of Investigation (FBI) had not completed her name check. In an order issued on August 2, 2007, the Court concluded that it has jurisdiction over this matter, denied the motion to dismiss or remand, and scheduled the matter of whether Ms. Ali should be naturalized for an evidentiary hearing. (See Dkt. No. 8.) That hearing was held on September 13, 2007. Having considered the arguments made at the September 13 hearing and the entire record in this case, the Court REMANDS this matter to USCIS for adjudication of Ms. Ali's naturalization application. USCIS must adjudicate Ms. Ali's application by September 18, 2007, and, if it grants the application, administer the naturalization oath on September 18, 2007, at 4:00 p.m. If Ms. Ali is not naturalized on September 18, the parties

ORDER - 1

will appear before the Court on September 19, and the Government must show cause why the Court should not immediately naturalize Ms. Ali.

## Background

Plaintiff Fatima Ali, an Iraqi refugee, has been a legal permanent resident of the United States since 2000. She filed an application for naturalization in October 2005. In April 2006, USCIS conducted her citizenship interview and informed her that USCIS could not adjudicate her naturalization application because it had not completed one of its background checks, the FBI "name check." After Plaintiff filed her complaint, and after the Court ordered the Government to show cause why Plaintiff should not be naturalized, the Government completed its name check of Ms. Ali. The Government contends that it is now ready to adjudicate her naturalization application within thirty days of a remand order from this Court. Plaintiff resists a remand because the Government has not articulated any deficiencies in Plaintiff's application that would prevent immediate naturalization.

## Discussion

The remaining issue in this case is whether Ms. Ali should be naturalized. To determine this matter, the Court set an evidentiary hearing and granted the parties permission to conduct discovery in preparation for the hearing. Plaintiff has submitted to the Court documents in support of her request to be naturalized, including: her completed application for naturalization, Form N-400; her naturalization interview results, Form N-652, which indicates that she is exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government; and a declaration, signed on September 13, indicating that since the date of her interview, Plaintiff has not been married or divorced, traveled outside the United States, been arrested, or engaged in any other activities that would make her ineligible for naturalization.[1] Plaintiff has thus made a prima facie showing of eligibility for citizenship. See, e.g. 8 U.S.C. §§ 1423, 1424, 1427, 1429.

---

[1] This declaration was presented to the Court at the evidentiary hearing and will be filed on the Court's electronic filing system.

ORDER - 2

The Government argues that remand to the agency is appropriate. The Government contends that USCIS still needs to (1) collect and synthesize all of the information in Ms. Ali's administrative file, (2) apply its judgment and expertise in determining whether she has met all the naturalization criteria, (3) make a preliminary determination on her application, and (4) obtain and synthesize the information to be provided in a Form N-445.² The Court understands that the Government has not yet completed the process of adjudicating Ms. Ali's application. But in its order to show cause, the Court asked the Government to come forward with a specific reason why Ms. Ali should not be immediately naturalized. At the hearing and in its papers, the Government has failed to articulate any <u>fact</u> which would prevent Ms. Ali from being eligible for naturalization. Counsel was unable to identify any deficiency in Ms. Ali's application. Indeed, the Government did not bring Ms. Ali's complete administrative file to the evidentiary hearing, nor did it prepare or bring any witnesses to testify regarding Ms. Ali's application. It did not examine Ms. Ali on the stand. And it offered no affidavits to refute Ms. Ali's eligibility. Except for reference to a "process" to be conducted by USCIS, the Government offered no reason why, legally or factually, the Court should not immediately administer the naturalization oath to Ms. Ali. Because Ms. Ali has offered proof of her eligibility for citizenship, and because the Government has failed to offer any evidence contradicting that eligibility, Ms. Ali has met her burden of proving that she is eligible for citizenship.

USCIS had ample notice of the evidentiary hearing and of the Court's demand that it offer reasons why Ms. Ali should not be naturalized. It is astounding that the Government's counsel would not have worked with their client — USCIS — to pore over Ms. Ali's administrative file and investigate whether any evidence warrants the Court pausing. Ms. Ali, like other naturalization petitioners, wants to be a U.S. citizen; the Government has been dilatory in its response to her. The Government's response to these types of cases — expending incredible resources defending a delayed adjudication and then failing to offer any specific reason why a person should not be naturalized — is incredibly wasteful. In the few cases where the Government has brought forward derogatory

---

² The information to be collected on a Form N-445 is the same information provided by Plaintiff in her September 13 declaration.

ORDER - 3

information about a petitioner, the Court has been willing to listen. But where the Government fails to offer any evidence that suggests the petitioner should not be naturalized, the Court has no option but to accept the petitioner's position.

It is unclear why USCIS insists that the Court not administer the naturalization oath. For whatever reason, it is important to the agency that the Court not do so. Even considering the Government's weak response, the Court offers the Government one final chance to perform its duty. The Court orders the Government's lawyers and appropriate USCIS staff to conduct the necessary review of Ms. Ali's application. The Government must be prepared to issue a decision on Ms. Ali's naturalization application no later than next week, Tuesday, September 18, 2007. The Government shall make sure that, if it approves her application, Ms. Ali be allowed to participate in the naturalization oath ceremony scheduled for September 18, 2007, at 4:00 p.m.

The Court is not interested in naturalizing anyone who should not be naturalized. But the Court is interested in forcing the agency to perform and carry out its statutory duty. If the Government does not naturalize Ms. Ali on September 18th, then the Government must appear before this Court on September 19 at 9:00 a.m., and explain exactly why Ms. Ali does not meet the citizenship criteria. The Court will administer the naturalization oath to Ms. Ali on September 19, unless the Government can articulate a good reason at the hearing why it should not do so.

**Conclusion**

Ms. Ali has made a prima facie case of eligibility for citizenship, and the Government has failed to articulate any reason why Ms. Ali should not be immediately naturalized. The Court remands this matter to USCIS for immediate adjudication of Ms. Ali's naturalization application. The Government must either naturalize Ms. Ali on September 18, 2007, or show cause on September 19 why the Court should not administer the oath of naturalization.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 14th day of September, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 4